1  PHILLIP A. TALBERT
   United States Attorney
2  KIMBERLY SANCHEZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5
   Attorneys for Plaintiff
6  United States of America

7

8                  IN THE UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,            CASE NO. 1:21-CR-00294-JLT-SKO

11                     Plaintiff,        AMENDED STIPULATION REGARDING
                                         EXCLUDABLE TIME PERIODS UNDER
12          v.                           SPEEDY TRIAL ACT;  ORDER

13  RYAN BRANDON BAILEY                  DATE: January 18, 2023
                                         TIME:  1:00 pm
14                     Defendants.       COURT: Hon. Sheila K. Oberto

15

16          This case is set for a status conference on January 18, 2023.  The parties stipulate and request the

17  Court to order that the status conference be continued to March 29, 2023, at 1:00 p.m. before the

18  Honorable Sheila K. Oberto, U.S. Magistrate Court Judge.

19          On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the

20  courthouse in June 2021, recognized the continued public health emergency, continued to authorize

21  video or teleconference court appearances in various cases, and noted the court's continued ability under

22  the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and

23  other matters, excluding time under the Act.  On June 27, 2022, the Court issued General Order 652,

24  which "authorized the use of videoconference and teleconference technology in certain criminal

25  proceedings under the in the Eastern District of California."  This and previous General Orders highlight

26  and were entered to address public health concerns related to COVID-19.  Pursuant to F.R.Cr.P. 5.1(c)

27  and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the

28  defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the

defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay." Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631 and 652 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1.      By this stipulation, defendants now moves to continue the status conferene to Wednesday, March 29, 2023 at 1:00 p.m.  Defense counsel needs additional time to finalize discussions with the defendant and provide time to investigate further questions the defendant is considering, and the date is consistent with defense counsel's availability.  Defense further moves to exclude time from January 18, 2023, to March 29, 2023 under Local Code T4.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports, and related documents in electronic form.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      The defendant needs additional time for discussion and investigation.

c)      The government does not object to the continuance.

d)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- Defendant's ability to prepare for trial or a plea has been inhibited by the public health emergency;

- Defendant needs additional time to review discovery, and conduct additional investigation; and

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

- The parties need additional time to investigate/explore matters related to proceeding via plea or trial.

e)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 18, 2023 to March 29, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 12, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ KIMBERLY SANCHEZ
KIMBERLY SANCHEZ
Assistant United States Attorney

/
/
/
/
/
/
/
/
/
/

Dated:  January 12, 2023

/s/ MICHAEL McKNEELY
MICHAEL McKNEELY
Counsel for Defendant
Ryan Bailey

**ORDER**

IT IS SO ORDERED.

The parties shall be prepared to select a mutually agreeable trial date at the next status conference.

DATED: 1/13/2023

*Sheila K. Oberto*

THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE